UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARM BUREAU LIFE INSURANCE
COMPANY OF MICHIGAN,

       Plaintiff,

   v.

NATIONAL CITY CORPORATION
and NATIONAL CITY BANK OF
THE MIDWEST f/k/a NATIONAL CITY
BANK OF MICHIGAN/ILLINOIS,

       Defendants,

   v.

NATIONAL CITY BANK OF THE
MIDWEST,

       Third-Party Plaintiff,

   v.

COMMUNITY BANK and THUMB
NATIONAL BANK & TRUST CO.,

       Third-Party Defendants.
_____/

Case No. 5:06-CV-81

Hon. Richard Alan Enslen

**OPINION**

     This matter is before the Court on Plaintiff Farm Bureau Life Insurance Company of Michigan's Motion to Amend its Complaint and Remand Case Back to State Court. The Motion and Defendants' Response have been fully briefed and the Court discerns no reason for oral argument. *See* W.D. MICH. LCIVR 7.2(d).

**I.    BACKGROUND**

Plaintiff, Farm Bureau Life Insurance Company of Michigan, is an insurance company that employed James Armbruster ("Armbruster") as an independent contractor. Armbruster, in turn, employed Bobbie Jo Fritz ("Fritz") as an office employee. In October 2005, Plaintiff alleges it discovered a scheme by which Fritz would make fraudulent loan requests against life insurance policies with cash value, forge the endorsement, and then convert the cash for her own benefit or for the benefit of Armbruster. Plaintiff terminated Armbruster's independent contractor's agreement on March 24, 2006, for violating the sections relating to business records and accountability of company money.

At all relevant times Plaintiff maintained a Policy Disbursement Account ("Account") with Defendants National City Corporation and National City Bank of the Midwest (hereafter "Defendants"). Pursuant to an agreement and pertinent Michigan law, Defendants had a duty to pay on checks drawn by Plaintiff on the Account when the checks bore the genuine endorsement of the named payee of the check. Plaintiff alleges it issued many checks payable to policyholders which Fritz forged and presented for payment to Defendants through third-party Defendants, Community Bank and Thumb National Bank & Trust Company. Plaintiff re-credited the polices affected by the fraudulent scheme and now seeks to be reimbursed by Defendants. Defendants assert they have no duty to reimburse Plaintiff because the loss was due, in large part, to Plaintiff's failure to exercise ordinary care. Further, Defendants claim Plaintiff's damages were caused by the acts of third parties or Plaintiff's own action or inaction.

This case was originally filed against Defendants in Eaton County Circuit Court, and was subsequently removed to this Court based upon diversity jurisdiction on May 25, 2006. On June 2, 2006, Plaintiff became a defendant in a state court action filed in Huron County Circuit Court by

Armbruster. On July 20, 2006, Plaintiff made this Motion to Amend its Complaint to join Armbruster and Fritz as Defendants and remand the action to state court.

## II.     LEGAL STANDARDS

It is within the discretion of a court to allow an amendment (the joinder of new parties) that will destroy jurisdiction and require a remand to state court. *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 922 (S.D.N.Y. 1995). The Court must "first consider whether joinder would be appropriate under Rule 20 and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Id.*; *see also Farver v. Glaxo Wellcome Inc.*, 181 F. Supp. 2d 781, 783-84 (N.D. Ohio 2001); *Rodriquez by Rodriguez v. Abbott Labs*, 151 F.R.D. 529, 533 (S.D.N.Y. 1993). Rule 20 provides, in pertinent part, that all persons may be joined in a single action as defendants if:

> there is asserted against them jointly, severally, or in the alternative, any right to in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a). Then, the court must "carefully scrutinize the basis for joinder where joinder will defeat diversity jurisdiction and mandate the court to remand the action to state court pursuant to 28 U.S.C. § 1447(e)." *Rodriquez*, 151 F.R.D. at 533. Section 1447(e) provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Analysis under § 1447(e) requires a balancing of the equities. *Marshall v. Navistar Int'l Transp. Corp.*, 168 F.R.D. 606, 612 (E.D. Mich. 1996). To evaluate this, the Court may look to such factors as the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether

the plaintiff has been diligent in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 200-01 (E.D. Mich. 1997), *citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[1] The Court must also take into account the original defendant's interest in its choice of forum. *Wells*, 950 F. Supp. at 201, *citing O'Connor v. Automobile Ins. Co. of Hartford, Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994).

## III.   DISCUSSION

Plaintiff seeks to have its Complaint amended and join two Michigan residents as new defendants. Since the new defendants share citizenship with the Plaintiff, this joiner would destroy the diversity jurisdiction of this Court and require remand to state court.

New defendants may be joined to an action under Rule 20 if there is a common question of law or fact and the case arises out of the same transaction, occurrence, or series of transactions or occurrences. *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 150 (6th Cir. 1969). This is a two-prong test and both requirements must be met, "[i]t is not enough then...that they arise out of the same transaction or occurrence, but there also must be a question of law or fact common to all defendants." *Id*.

Here, Plaintiff seeks to join Armbruster and Fritz as new defendants. Defendants argue that the cases do not arise out of the same transaction and are unrelated disputes. However, the phrase 'transaction or occurrence' "may comprehend a series of many occurrences, depending not so much

---

[1] *Hensgens* was decided before subdivision (e) was added to 28 U.S.C. § 1447 in 1988. However, these factors are still applicable as they address the specific issue of joining a non-diverse defendant. *See also* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (3d. ed. 1998) (setting forth these same factors).

upon the immediateness of their connection as upon their logical relationship." *Id*. Plaintiff's claims against Fritz for conversion arise from her fraudulent scheme. Plaintiff's claims against Armbruster include that he breached his contract with Plaintiff by not complying with company requirements which would have revealed Fritz's scheme, and that he personally benefitted from the converted money. Plaintiff's action against Defendants also arises from Fritz's allegedly fraudulent scheme, as Plaintiff is seeking reimbursement from Defendants for those same forged checks. Therefore, all of these actions arise from the same series of transactions, the fraudulent scheme and the forged checks. Further, there are common questions of fact that all three actions share, specifically (but not limited to): questions of who benefitted from the fraudulent scheme, whether Plaintiff was at fault, the mechanics of the scheme; and what the business practices and procedures that allowed it to go on unnoticed for so long. Defendants' own defenses include those that allege Plaintiff contributed to the forgery in violation of its duty of care and that third parties are responsible for the damages. These questions of fact will indeed be litigated in all of the cases. Furthermore, in the Court's experience, individuals allegedly with direct responsibility for forgery and embezzlement are almost always sued individually, unless known to be uncollectible. For these reasons, the Court finds that joinder of the new defendants under Rule 20 would be appropriate.

As joining the new defendants would destroy the diversity jurisdiction of this Court and necessitate a remand to state court, the Court must also analyze the joinder under 28 U.S.C. § 1447(e). Under § 1447(e), the Court has only two options, deny the joinder or grant it and remand the case to state court. *Curry v. United States Bulk Transp., Inc*., No. 05-4218, 2006 WL 2527952 (6th Cir. Sept. 5, 2006). The Court must weigh such factors as the extent to which the purpose of the amendment is to defeat federal jurisdiction; whether plaintiff has been diligent in asking for the

5

amendment; whether plaintiff will be significantly injured if the amendment is not allowed; and any other factors bearing on the equities. *See Wells*, 950 F. Supp. at 201.

The Court recognizes that although Defendants have a right to a federal forum, Plaintiff has "a right to fashion their lawsuit, select their causes of action, and advance theories against the parties of their choosing." *J. Lewis Cooper Co. v. Diageo N. Am.*, 370 F. Supp. 2d. 613, 618 (E.D. Mich. 2005). Defendants argue that Plaintiff was aware and should have brought its claims against the new defendants when it filed its case against Defendants, and its decision not to include them is indicative of an improper motive. However, Plaintiff has sought to join Armbruster and Fritz as a response to Armbruster filing a suit involving the same series of transactions against Plaintiff. The timing, therefore, does not point to a sole purpose of destroying federal jurisdiction. Further, Plaintiff argues that it is seeking to join the new defendants to avoid dual litigation and the possibility of the defensive use of collateral estoppel. Under applicable Michigan law, the lack of mutuality of estoppel "should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit." *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 691-92 (2004). The Court agrees that there are essential and common issues of facts that will be decided in these cases and the defensive use of collateral estoppel by any one of the Defendants against Plaintiff is a possibility.

The second factor favors Plaintiff. As recounted above, Plaintiff was diligent in seeking to join these new defendants when it made its motion to this Court within a reasonable time after Armbruster filed his claim in state court. With respect to the third factor, the Court again notes

Plaintiff might suffer prejudice if these new defendants are not joined in this action because of the possibility of collateral estoppel as discussed above.

In considering the equities of the case, the Court finds that the possibility of collateral estoppel weighs in favor of allowing the joinder. Although Defendants are correct to point out that remanding the case to state court might result in two state court actions, courts have found that the possibility or likelihood of two separate state court actions is not a reason to deny a joinder. *Diageo*, 370 F. Supp. 2d at 620. Further, "the matter of duplicative [state] proceeding[s] should be addressed in the first instance by the state courts, which have procedural rules in place to cover such matters." *Id*.; *see also* MCR 2.505 (stating consolidation of cases is discretionary and courts must consider if the trials involve "substantial questions of law or fact."). Thus, the Court in its discretion finds that joinder should be permitted under §1447(e).

VI.   CONCLUSION

The Court finds that joinder is proper under Rule 20. Additionally, the Court holds, after weighing the applicable factors under a 28 U.S.C. §1447(e) analysis, that joinder of the new defendants should be permitted under Rule 20(a) and the case should be remanded to state court in accordance with the statute. Therefore, the Court grants Plaintiff's Motion to Amend its Complaint and Remand the Action to State Court, approves the filing of the Amended Complaint, and approves remand of this action to the Eaton County Circuit Court.

OK to e-file:

Dated in Kalamazoo, MI:        /s/Richard Alan Enslen
September 22, 2006             Richard Alan Enslen
                               Senior United States District Judge